## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Beulah Johnson Muckes, a/k/a Beulah )
Johnson-Mukes, a/k/a Beulah Muckes )
 Johnson, )
 )
 Plaintiff, )
 v. )            Case No. 3:15-cv-88
 )
Fargo Police Department; Crookston )   **REPORT AND RECOMMENDATION**
Police Department; Minnesota State )
University, Crookston, Charles [LNU], )
Chancellor/President of Christ )
Church Crookston; Marshall O. Johnson, Sr., )
a/k/a Marshall Owen Johnson, Sr. (Dad); )
Dorothy Pee (Houston, TX); Bobbi )
Maddox, a/k/a/ Bobby Maddox )
(Houston, TX); Marie Lee (Houston, TX); )
State of California; Audubon Society of )
Fargo; and Owners of the Black Building, )
 a/k/a Kilbo[u]rne Properties (Fargo, ND); )
 )
 Defendants. )

Plaintiff Beulah Johnson Muckes, who is proceeding pro se and in forma
pauperis, filed a complaint alleging violations of constitutional rights and violations of
North Dakota law. (Doc. #5). She subsequently filed a letter seeking additional relief.
(Doc. #6). Specifically, she alleges deprivation of free speech, free association, freedom
of religion, and right to privacy.[1] (Doc. #5, p. 1; Doc. #5-3).

Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma
pauperis complaint. If the court determines that the action is frivolous, malicious, fails
to state a claim, or seeks monetary relief against a defendant who is immune from
monetary relief claims, the court must dismiss the complaint.

---

[1] Plaintiff's factual allegations have little, if anything, to do with free speech,
freedom of religion, and right to privacy. Rather, her factual allegations involve
interference with her association with her adult son.

## Facts

The court construes the complaint to allege that the governmental entities and the private parties who are named as defendants conspired to keep the plaintiff from having a relationship with her adult son. Three of the individual defendants are identified as members of the plaintiff's family, and one is identified as her son's father's wife. Other non-governmental parties are a non-profit entity and owners of a Fargo building. It appears that the events giving rise to the plaintiff's complaint are alleged to have occurred in North Dakota, Minnesota, and California.

The complaint alleges that the defendants conspired to deprive the plaintiff's son of his freedom, to force him into involuntary servitude at a Minnesota university, to force him to "serve the police and other people whom the police want him to give his life to," and to deprive the plaintiff of her "son's loving comfort and support."[2] (Doc. #5-2, p. 1; Doc. #6, p. 1). The plaintiff also alleges that unidentified Fargo police officers have pressured her son to file criminal charges against the plaintiff. Id.

The complaint seeks injunctive relief and monetary damages. (Doc. #5, p. 5). Plaintiff also requests that the court facilitate a meeting with Fargo police officers. (Doc. #6, p. 2).

---

[2] The court notes that most of the actions the plaintiff describes in the complaint are alleged to have been taken against her adult son. Since she cannot assert claims on behalf of her adult son, those claims are subject to dismissal. See Singleton v. Wulff, 428 U.S. 106, 116 (1976) (holding that one may not claim standing to vindicate the constitutional rights of others); see also van Leeuwen v. United States, 868 F.2d 300, 301 (8th Cir. 1989) (per curiam) (affirming dismissal of due process claim based on violation of another person's Fifth Amendment rights). The Eighth Circuit, however, has recognized that "[a] defendant can be liable for violating a right of intimate association . . . if the plaintiff shows an intent to interfere with that relationship." Reasonover v. St. Louis Cnty., 447 F.3d 569, 584 (8th Cir. 2006) (claim of violation of prisoner's right to familial association with her daughter).

**Law and Discussion**

Because Johnson Muckes is proceeding in forma pauperis, her claim is subject to initial screening prior to service on any defendants. In conducting this screening, the court is to identify cognizable claims and to dismiss any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2).

To state a cognizable claim, the complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007). To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim, and must give the defendants fair notice of the claim and grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678.

The court construes the complaint as alleging violations of constitutional rights under 42 U.S.C. § 1983. At minimum, a complaint seeking relief under 42 U.S.C. § 1983 must allege: (1) a violation of a right secured by federal law, (2) that the alleged violation was committed by a person acting under color of state law, and (3) a sufficient causal link between the alleged violation and the basis upon which a defendant is alleged to be responsible.

## 1. Claims Against Police Departments

Police departments are not entities amenable to suit under § 1983. <u>See</u> <u>Ketchum v. City of W. Memphis</u>, 974 F.2d 81, 82 (8th Cir. 1992) (departments and subdivisions of local governments are "not juridical entities suable as such"); <u>see also</u> <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992) ("police departments are not usually considered legal entities subject to suit"). The claims against the Fargo Police Department and the Crookston Police Department should therefore be dismissed with prejudice.

## 2. Claims Against Audubon Society and Owners of the Black Building

The complaint does not specify how the Audubon Society of Fargo or the owners of the Black Building are alleged to have been involved in events giving rise to the complaint; nor does it allege facts suggesting that either of those parties might somehow be construed to have been acting under color of state law. The claims against the Audubon Society and the owners of the Black Building (whom plaintiff also identifies as Kilbo[u]rne Properties) should therefore be dismissed with prejudice.

## 3. Claims Against University and its President

The complaint names Minnesota State University of Crookston, Minnesota, which the court construes to refer to the University of Minnesota Crookston, and its president.[3] The University of Minnesota is an instrumentality of the State of Minnesota and is entitled to the state's Eleventh Amendment immunity. <u>Treleven v. Univ. of Minn.</u>, 73 F.3d 816, 819 (8th Cir. 1996). That immunity extends to the plaintiff's claim for

---

[3] The plaintiff's complaint is silent as to the capacity in which the University of Minnesota Crookston's president is sued; therefore, it is construed as a suit against him in his official capacity only. <u>See</u> <u>Egerdahl v. Hibbing Cmty. Coll.</u>, 72 F.3d 615, 619 (8th Cir. 1995).

monetary damages against the university's president. Id. All claims against the University of Minnesota Crookston, and the claim for monetary damages against its president should therefore be dismissed with prejudice.

The plaintiff may seek injunctive relief against the university's president in his official capacity, but cannot seek that relief against the university itself. See Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989). Although factual allegations are minimal, the court construes the plaintiff to assert issues relating to her son having been recruited to the university to play on an athletic team. (Doc. #6, p. 1). However, under the standards of Twombly/Iqbal, plaintiff has not given the university's president fair notice of the claim against him or the grounds upon which it rests. The claim for injunctive relief against the university's president should therefore be dismissed without prejudice.

**4.      Claims Against the Church of Christ Crookston**

In the complaint, the plaintiff describes the Church of Christ Crookston as a "secret [p]olice organization," (Doc. #5-3), and alleges that the church conspired to use her son "to buy more freedom and get money for a defunct bankrupt state of California." (Doc. #5, p. 3). The plaintiff does not, however, specify what actions the church is alleged to have taken, and so has not given fair notice of the claim. The claims against Church of Christ Crookston do not meet the pleading standards of Twombly/Iqbal and should therefore be dismissed without prejudice.

**5.      Claims Against State of California**

Under the Eleventh Amendment, states are immune from suits in federal courts, absent a waiver of that immunity. See Papasan v. Allain, 478 U.S. 265, 276 (1986) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 (1984)).

"This bar exists whether the relief sought is legal or equitable." Id. "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citation omitted). The claims against the State of California should therefore be dismissed with prejudice.[4]

6.      **Claims Against Private Actors**

The plaintiff alleges that the father of her son, Marshall O. Johnson, Sr., and his wife, Bobbi [or Bobby] Maddox, conspired with California state officials to "sell" plaintiff's son to the State of Minnesota and the State of North Dakota for financial and political gain. (Doc. #5, pp. 3-4; Doc. #5-4). Plaintiff also alleges that her mother, Dorothy Pee, and her sister, Marie (presumably defendant Marie Lee), were part of that conspiracy. (Doc. #5-2, p. 1).

Only persons acting under color of state law can be held liable under § 1983. To allege a § 1983 conspiracy claim against private actors, the complaint must allege specific facts showing a meeting of the minds between private actors and state actors. DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999). Mere allusion to a conspiracy is insufficient. Holberg v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991). The plaintiff does not allege which California state officials were involved in the alleged conspiracy with the private actors or that there was any meeting of the minds. Her allusion to a conspiracy does not render the private actors' alleged conduct as having been under the color of state law; therefore, the claims against the private actors should be dismissed without prejudice.

---

[4] Even if there were a viable claim against the State of California, it would not be properly venued in this court.

## 7.    Claims Against Unidentified Fargo Police Officers

The plaintiff alleges that unidentified Fargo police officers attempted to "force" her son into filing a criminal complaint against her "for appearing at [her] son's office site." (Doc. #6, p. 1). She contends that the issue had "already been resolved" through a discussion with the police and her son, during which the plaintiff was advised that she "was not to go there again." Id. Since the plaintiff has not identified which police officers were involved and has not alleged that a criminal complaint lacking probable cause was actually filed against her, any claim against the unidentified police officers should be dismissed without prejudice under the standards of Twombly/Iqbal.

## 8.    Claims Under North Dakota Law

The plaintiff alleges state law claims arising under the North Dakota Criminal Code. (Doc. #5, p. 1). However, the plaintiff has no private right of action under the criminal statutes. See Frison v. Zebro, 339 F.3d 994, 999 (8th Cir.2003) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation are . . . poor candidates for the imputation of private rights of action . . . .") (citation omitted). The plaintiff cannot bring claims against the defendants under the North Dakota Criminal Code. To the extent the complaint alleges those claims, it should be dismissed.

## Conclusion

The police departments are not amenable to suit under § 1983. The University of Minnesota and the State of California are entitled to Eleventh Amendment immunity. The university's president is also immune from suit for monetary damages, and the plaintiff has not stated any plausible claim against the university's president that would

warrant injunctive relief. It is therefore **RECOMMENDED** that the claims against the police departments, the University of Minnesota Crookston, and the State of California be **DISMISSED** with prejudice, that the claim for monetary damages against the university's president be **DISMISSED** with prejudice, and that the claim for injunctive relief against the university's president be **DISMISSED** without prejudice.

The plaintiff has not sufficiently alleged that the private parties acted under color of state law or conspired with state actors; thus, they cannot be held liable under § 1983. It is therefore **RECOMMENDED** that the claims against the Audubon Society and the owners of the Black Building be **DISMISSED** with prejudice, and that the claims against Marshall O. Johnson, Sr., Bobbi Maddox, Dorothy Pee, and Marie Lee be **DISMISSED** without prejudice.

The plaintiff had not stated a plausible claim against the Church of Christ Crookston or against the unidentified Fargo police officers. It is therefore **RECOMMENDED**  that the claims against the church and against the police officers be **DISMISSED** without prejudice.

The plaintiff has no private right of against the defendants under the North Dakota Criminal Code. It is therefore **RECOMMENDED** that those claims be **DISMISSED** with prejudice.

Finally, it is **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 19th day of November, 2015.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than December 3, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.